B STEWART, J.
The defendant, Joseph L. James, was found guilty as charged of theft in violation of La. R.S. 14:67. The trial court adjudged him to be a third felony offender and imposed the maximum sentence of four years at hard labor for the middle grade theft by this third felony offender. The trial court ordered the sentence to be served consecutive to any other sentence or parole violation the defendant was then serving and imposed the sentence without benefit of probation, parole, or suspension. The defendant challenges the sufficiency of the evidence supporting his conviction and argues that his sentence is excessive. We affirm the defendant’s conviction, and we amend the sentence to delete the restriction on parole eligibility and affirm as amended.
FACTS
On April 7, 2001, the defendant entered Tubbs Hardware and Rental in Bossier City, Louisiana, hid a nail gun under his shirt, and exited the store with the merchandise. Alicia George, a cashier in the store, observed the defendant’s entry and observed him exiting the store with the nail gun under his shirt. George notified Don Tubbs, the owner of the store. Tubbs observed the defendant walking briskly through a vacant lot between the store and another business. Tubbs apprehended the defendant and detained him until a police officer arrived. The defendant had the nail gun in his possession when Tubbs apprehended him. Officer M.D. Wells of the Bossier City Police Department arrived at the scene and observed Tubbs and the defendant in a grassy lot on the north side of the store. The nail gun was on the ground beside the defendant. Officer Wells issued the Miranda 12warnings to the defendant. The defendant then admitted to entering the store, taking the nail gun from a shelf, concealing it under his shirt, and exiting the store without paying for the merchandise.
DISCUSSION
The defendant contends that the evidence was not sufficient to support his conviction because the state failed to prove beyond a reasonable doubt that the value of the nail gun exceeded $300. We find no merit in this contention.
Although the record does not reflect that the defendant filed a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821, we will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
La. R.S. 14:67 provides that theft is the misappropriation or taking of anything of value which belongs to another. To con *1164 vict, the prosecution must prove beyond a reasonable doubt: (1) a misappropriation or taking, (2) of anything of value, (3) which belongs to another, (4) with the specific intent to deprive the other permanently of whatever is taken or misappropriated. State v. Pittman, 368 So.2d 708 (La.1979). Sentences for theft are based upon the value of the property stolen. The state alleged the nail gun was valued between three hundred and five hundred dollars. The only issue as to the sufficiency of the evidence is the value of the nail gun.
The testimony of the owner-victim of the stolen property as to the property’s value is sufficient to establish its value. The owner does not have to be an expert, nor need he be qualified as an expert at valuation. His 13testimony is admissible so long as he does not claim to lack knowledge of the value. State v. Dilworth, 358 So.2d 1254 (La.1978); State v. Kennerson, 97-391 (La.App. 3d Cir.10/8/97), 702 So.2d 860, writ denied, 97-2850 (La.3/27/98), 716 So.2d 884; State v. Jordan, 522 So.2d 1179 (La.App. 4th Cir.1988); State v. Bruce, 556 So.2d 129 (La.App. 5th Cir.1990), writ denied, 561 So.2d 114 (1990).
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The defendant argues only that the state failed to prove the nail gun had a value in excess of $300 as required for his middle grade theft conviction. The value of the nail gun was proven by the testimony of its owner, Don Tubbs. Tubbs testified that the nail gun was purchased by him for use in the rental department of his store. When this incident occurred, the nail gun was new and had never been used. Tubbs testified that on the day of this incident, the wholesale cost of the nail gun was $393.45. He further testified that on the day of trial, he could replace the nail gun through a sale at a dealer’s price of $329.95. Tubbs testified on cross examination that he has been in business for twenty-one years and that he knows the value of tools. The defense elected not to present any evidence.
| ¿The evidence proves beyond a reasonable doubt that the defendant, without permission, took property valued at over three hundred dollars from another person with the intent to permanently deprive that person of the use and benefit of the stolen property. Tubbs, although not qualified as such, was an expert in the valuation of tools due to his years of experience in the hardware and rental business. He stated the value of the nail gun to be $393.45 on the date of the theft. Tubbs’ testimony was admissible and sufficient to establish the value of the stolen nail gun. We find that the state met its burden in this matter and that the defendant’s assignment of error regarding the sufficiency of the evidence has no merit.
The defendant also argues that his sentence is excessive, that the trial court did not take into account the factors set forth in La.C.Cr.P. 894.1, and that the trial court erred in imposing the sentence without benefit of parole. The trial court adjudged the defendant to be a third felony offender, and this is not at issue on appeal. Therefore, the defendant faced a sentence of sixteen months to four years. The trial court imposed the maximum sentence.
*1165 A two-pronged test is used by the reviewing court to determine whether a sentence is excessive. The record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual [ basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly reflects an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
The trial court reviewed a PSI report and noted the defendant’s extensive history of property offense charges dating back to 1991. The defendant had been convicted of forgery and theft and had been given probation. This probation was revoked in 1996. The criminal history |fiincluded a misdemeanor conviction for theft in 1993. Two months later, the defendant was again arrested on another misdemeanor theft charge and was sentenced to jail. In 1994, he committed four counts of burglary, pled guilty, and was sentenced to nine years on each count concurrently. He was released on parole, but was again arrested for theft and possession of drug paraphernalia and subsequently found guilty on those charges. For these reasons, the trial court found the maximum sentence to be appropriate for this defendant.
Although the defendant complains that the trial court did not discuss his personal history, the trial court was obviously aware of those factors through information in the PSI report which addressed the defendant’s family and educational history. At the time of sentencing, the defendant was thirty years old. He has a lengthy history of theft-related convictions and easily is within the class of offenders for whom the maximum sentence is appropriate. The record supports the sentence. Accordingly, we find that the defendant’s argument regarding excessiveness of the sentence lacks merit.
However, we do agree with the defendant’s assertion that the trial court erred in imposing sentence without benefit of parole. La. R.S. 15:529.1(G) provides that sentences imposed under the habitual offender provisions are to be imposed “without benefit of probation or suspension of sentence.” As such, it was not within the trial court’s authority to impose the *1166 sentence without benefit of parole, and the sentence is not legally correct. See State v. Miller, 96-2040 (La.App. 1st Cir.11/7/97), 703 So.2d 7698, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. We now amend and correct the sentence by striking the restriction on parole eligibility.
CONCLUSION
For the reasons stated, we affirm the defendant’s conviction for theft in violation of La. R.S. 14:67. We amend his sentence to delete the provision denying the benefits of parole eligibility, and affirm as amended.
CONVICTION AFFIRMED.
SENTENCE AMENDED, AND AFFIRMED AS AMENDED.