862 So.2d 1077 (2003)
STATE of Louisiana, Appellee,
v.
Ray MASON, Appellant.
No. 37,486-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*1078 Louisiana Appellate Project, by Paula Corley Marx, Lafayette, for Appellant.
John Schuyler Marvin, District Attorney, Robert Lane Pittard, Carl Leroy Ekendahl, Assistant District Attorney, for Appellee.
Before BROWN, PEATROSS and DREW, JJ.
DREW, J.
Ray Mason was convicted of armed robbery with a firearm, La. R.S. 14:64 and 64.3, adjudicated a second felony offender upon stipulation thereto, and sentenced to the minimum 49½ years at hard labor, without benefit of probation, parole, or suspension of sentence. Mason did not appeal the conviction, which is affirmed. The trial court's adjudication of Mason as an habitual offender and the enhanced sentence based thereon are vacated. The matter is remanded for further proceedings, including the trial court advising the defendant of his rights relative to an habitual offender proceeding, a plea, and resentencing (whether or not adjudicated).

FACTS
On October 17, 2000, Mason and Darylon D. Green ordered pizzas by telephone, to be delivered to a vacant house on Joannes Street in Bossier City. When the pizzas were delivered, Mason put a gun to the deliveryman's head and robbed him of approximately $48.00. The two then stole the victim's van.
This less-than-perfect crime was solved by Caller I.D. The telephone call was traced to the apartment of Mason's cousin, who identified Mason and Green as the ones who ordered the pizza. The victim picked out Mason's photograph in a photographic lineup. Mason's fingerprints were found inside the victim's van. Mason surrendered to the police, and after being advised of his Miranda rights and signing a rights waiver form, he gave a statement admitting to being involved in the robbery.
A jury convicted Mason of armed robbery. Thereafter, the state filed an habitual offender bill of information, alleging that Mason was a second felony offender. Mason was arraigned on the habitual offender bill on July 1, 2002, the somewhat cryptic minutes reflecting:
Defendant Mason present in open Court, with counsel Ross Shacklette, waived arraignment and entered a plea of not guilty to Multiple Offender, trial is set for August 19, 2002, remand is passed to August 19, 2002. (Stinson)
The adjudication hearing actually began on December 2, 2002, at which time Mason, through counsel, stipulated that he was a second felony offender. The trial court sentenced Mason to the minimum *1079 sentence of 49½ years at hard labor, without benefit of probation, parole, or suspension of sentence.
At no time did the trial court advise Mason of any rights related to an adjudication hearing, i.e., including:
 right to remain silent;
 right to a formal hearing; and
 right to require the state to prove his identity.
The defendant did reply affirmatively when the trial court asked the defendant if the stipulation was his wish. Next, the trial court advised the defendant that if he entered a guilty plea, he would bracket his sentencing exposure for armed robbery from a minimum of 49½ years to a maximum of 198 years, all without benefit of probation, parole, or suspension of sentence. The defendant responded in the negative when asked if anyone had made any promises or any threats to induce him to admit to being a second felony offender. The trial court adjudicated the defendant to be a second felony offender, and imposed the minimum statutory sentence.
On appeal, the defendant argues his habitual offender adjudication was invalid because the trial court failed to advise him of his right to remain silent, and other rights in connection with the hearing and plea to the multiple offender bill. The state argues the trial court adequately advised the applicant of his rights prior to his plea, and that any failure to advise the applicant of his right to remain silent was harmless error.

DISCUSSION
Mason's sole complaint is that the trial court erred in accepting his admission to being a second felony offender without properly advising him of rights, including his right to a hearing, and his right to remain silent during that hearing. The state argues that the proceedings were fundamentally fair, and the alleged error was harmless error.
In an habitual offender proceeding, the state is required to prove only a prior felony conviction and that the defendant is the person convicted of the earlier offense. State v. Johnson, 31,448 (La. App.2d Cir.3/31/99), 747 So.2d 61, writ denied, 99-1689 (La.11/12/99), 749 So.2d 653, U.S. cert. denied.
Before accepting a defendant's admission that he is a multiple offender, the trial judge must specifically advise the defendant of his right to a formal hearing, his right to require the state to prove his identity as a multiple offender, and his right to remain silent. La. R.S. 15:529.1(D).
A trial court's failure to properly advise a defendant of his rights under the Habitual Offender Law constitutes patent error on the face of the record and requires that the habitual offender's adjudication and sentence be vacated.
State v. Odom, 34,054 (La.App.2d Cir.11/1/00), 772 So.2d 281, 288 (Citations omitted.)
This court has held that the trial court committed harmless error by failing to read the habitual offender bill of information in court and failing to inform the defendant of his right to remain silent at habitual offender hearings, where the defendant exercised his right to remain silent, had a full evidentiary hearing, and was well aware of the convictions being used against him. State v. Odom, supra.
La. R.S. 15:529.1(D)(1)(a) requires that the Defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement *1080 that the Defendant be advised of his constitutional right to remain silent. Generally, the failure of the trial court to advise the Defendant of his right to a hearing and his right to remain silent is not considered reversible error where the Defendant's habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the Defendant. However, when the guilt of the Defendant is proven by his own stipulation or admission to the habitual offender bill of information without having been informed of his right to a hearing or his right to remain silent, by either the trial court or his attorney, there is reversible error.
State v. Bell, 03-217(La.App. 5th Cir.5/28/03), 848 So.2d 87, 90.
The transcripts of the arraignment and the habitual offender hearing reflect that the trial court did not advise Mason of any rights relative to an habitual offender proceeding. We affirm the conviction of armed robbery. However, we are constrained to follow State v. Bell, supra, and we must:
 vacate the trial court's finding that the defendant is a second felony offender,
 vacate the enhanced sentence, and
 remand the case for a new habitual offender plea, further proceedings, and resentencing (whether the defendant is adjudicated or not).

DECREE
The conviction is AFFIRMED. The adjudication and enhanced sentence as an habitual offender are VACATED. The case is REMANDED for a new habitual offender proceeding and resentencing.
BROWN, C.J., dissents with written reasons.
BROWN, C.J., dissenting.
This defendant was represented at all times by court appointed counsel. He pled not guilty, went to trial, and was convicted by a jury. At that trial, defendant remained silent. He did not testify or present any defense, other than arguing the state's failure to prove guilt beyond a reasonable doubt. On July 1, 2002, he was arraigned on a multiple offender bill of information. At that arraignment defendant's attorney stated that, "We would enter aenter a denial and request a request a hearing on that (multiple offender bill) matter." After defendant voiced agreement with his attorney's statement, the trial court stated, "We'll have the multiple offender trial then set for August the 19th and show the sentencing passed to that same date."
On December 2, 2002, the multiple offender trial was called. Defendant's attorney stated that defendant "informed me that hethat he desires to stipulate the existence of a prior conviction in Caddo Parish." The trial court specifically asked defendant if that was his desire and then informed him of the consequences of such an admission, in particular, that, "you would be facing a minimum of 49½ years without benefit of probation of parole or suspension of sentence ..." Defendant further stated, in response to questions by the court, that his guilty plea was freely given, was not coerced, and was not the result of any promises.
Obviously, defendant knew he had a right to a hearinghe was there for a hearing that he specifically requested. From his initial appearance, as well as his jury trial, defendant understood his right to remain silent and the prosecutor's obligation to prove his guilt. In the jury selection process this was repeated numerous times.
*1081 If the trial court's failure to recite the required mantra was error, such error, in this case where defendant suffered no prejudice, was harmless and should not dictate a reversal. State v. Bush, 31,710 (La.App.2d Cir.02/24/99), 733 So.2d 49, writ denied, 99-1010 (La.09/03/99), 747 So.2d 536.
I respectfully dissent.