STEWART, J.
h The defendant, Joseph Leath James, was convicted of theft, and that conviction was affirmed by this court in State v. James, 36,493 (La.App.2d Cir.12/11/02), 833 So.2d 1162. He was adjudicated a third felony offender and sentenced to four years imprisonment at hard labor without parole, probation, or suspension of sentence, to be served consecutively to any other sentence. This court amended the sentence by striking the provision denying the benefits of parole eligibility. The defendant filed an application for post-conviction relief which was denied at the trial court and then filed a writ with this court.
On May 11, 2005, we granted the defendant’s writ in part based upon an invalid guilty plea being used as a predicate offense to the habitual offender adjudication and an ineffective counsel claim. (No. 40,-153-KH) The issue was remanded to the trial court for an evidentiary hearing. The trial court found the prior plea to be defective and resentenced the defendant as a second felony offender to four years at hard labor, to be served consecutively to any other sentence. For the reasons explained more fully below, we affirm his sentence.
FACTS
In the previous appeal, the defendant’s conviction for stealing a nail gun valued at over $300 from Tubbs Hardware and Rental in Bossier City was affirmed. The defendant was adjudicated a third felony offender based upon two prior guilty pleas entered in Vernon and Jefferson Davis Parishes. We amended the sentence imposed on the defendant as a third felony offender by removing the trial court’s restriction on parole. James, supra.
|aThe defendant filed an application for post-conviction relief which was denied by the trial court and then filed a writ of supervisory review with this court. (No. 40,153-KH) The defendant’s claims regarding an invalid confession and improper use of hearsay were denied. However, his claims of ineffective counsel and the trial court’s use of an invalid guilty plea as a predicate offense supporting the habitual offender status were found to have merit. We found that the guilty plea had been accepted in 1994 in Vernon Parish even though the transcript showed a complete failure to comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There is no showing that this guilty plea transcript was presented at any point prior to the application for post-conviction relief. In fact, no transcript was in the exhibit entered into evidence by the state at the habitual offender hearing. The matter *1194 was remanded to the trial court for an evidentiary hearing and reconsideration.
The trial court refused to reconsider other aspects of the prior habitual offender hearing, but ruled that the guilty plea taken in Vernon Parish would not be used to support the habitual offender status because this court had stated as much. The defendant was therefore adjudicated a second felony offender. At the sentencing hearing, the trial court again sentenced the defendant to four years at hard labor to be served consecutively with any other sentence.
DISCUSSION
The defendant argues that there were procedural irregularities in the habitual offender adjudication including the failure to arraign him on the Inhabitual offender bill. The defendant claims that the bill was filed on March 11, 2002, and that the habitual offender proceeding was held immediately thereafter. The defendant states that he was not given the requisite time period in which to file objections to the bill before the first habitual offender hearing or after remand. The defendant also argues that there were no written reasons provided for the adjudication either time.
Secondly, the defendant argues that the state failed to meet its burden under State v. Shelton, 621 So.2d 769 (La.1993) by providing proof that the prior guilty pleas were voluntary and that he was represented by counsel. James claims that because the initial burden was not met, the burden had not yet shifted to him to raise procedural defects in the proceedings. The defendant further requests review to determine whether the 1994 guilty plea was informed and voluntary, and whether the plea was made with an articulated waiver of the three Boykin rights.
The state does not address that second argument regarding the burden of proof, but agrees that the defendant correctly contends in his brief that the record does not reflect an arraignment on the habitual bill of information. The state also briefly summarizes that the defendant was not informed of his rights under La. R.S. 15:529.1(D)(l)(a).

Habitual Offender Adjudication

If it appears that a person convicted of a felony has previously been convicted of a felony, the district attorney of the parish in which a subsequent conviction occurred may file a bill of information accusing the person of a previous conviction. The court in which the subsequent [¿conviction occurred shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record, and he shall be given 15 days to file particular objections to the information. La. R.S. 15:529.1(D)(l)(a).
Generally, the failure of the trial court to advise the defendant of his right to a hearing and his right to remain silent is not considered reversible error where the defendant’s habitual offender status is established by competent evidence offered by the state at a hearing rather than by admission of the defendant. State v. Mason, 37,486 (La.App.2d Cir.12/10/03), 862 So.2d 1077, citing State v. Bell, 03-217 (La.App. 5th Cir.5/28/03), 848 So.2d 87, 90.
A failure to arraign the defendant, or the fact that he did not plead, is waived if the defendant enters upon the trial with *1195 out objecting thereto, and it shall be considered as if he had pleaded not guilty. La. C. Cr. P. art. 555. See also State v. Collier, 39,650 (La.App.2d Cir.7/27/05), 909 So.2d 23.
The state’s burden of proof in habitual offender proceedings under La. R.S. 15:529.1 is stated in State v. Shelton, supra:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the | ..¡defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights. [Footnote omitted.]
A review of the record confirms both the defendant and state’s assertion that the defendant was not arraigned on the habitual offender bill of information. He was not asked whether the allegations were true at the original hearing or the hearing on remand. The habitual offender bill of information was filed with the court on March 12, 2002. The habitual offender hearing was held immediately after filing the bill. At the hearing on remand, the defendant was offered a reduction of his sentence to three years if he agreed to not have a hearing. The record shows that the defendant asked if that sentence would run concurrent with any others, and was told that it would not. The defendant requested permission to ask questions and was instructed to speak to his counsel. The trial court then stated, “Let’s just proceed with the hearing.”
Because the defendant was not arraigned on the habitual bill of information, the trial court violated La. R.S. 15:529.1(D)(l)(a), and there is no showing that the defendant was given 15 days to file particular objections to the information. However, any issue regarding the trial court’s failure to arraign the defendant was waived because he did not object before |fithe trial portion of the habitual offender proceeding. La. C. Cr. P. art. 555; see also State v. Callier, supra (wherein this court ruled that the trial court’s failure to arraign a defendant on the habitual offender bill of information was waived). In State v. Mason, supra, we held that the failure of a trial court to properly advise the defendant of his rights is not reversible error where the defendant’s habitual offender status was shown by competent evidence offered by the state at the hearing rather than an admission by the defendant.
Here, the defendant neither admitted nor denied the allegations. Instead, the state presented evidence in the form of a certified copy of the bill of information, minutes, and sentencing transcript hearing *1196 for the prior conviction in Vernon Parish, and a certified copy of the bill of information and minutes for the prior conviction in Jefferson Davis Parish. The state also presented testimony by John D. Garland and Glenn Hanks as to the defendant’s identity.
In Shelton, supra, the Louisiana Supreme Court referenced State v. Bland, 419 So.2d 1227,1232 (La.1982), where that court found that a minute entry evidencing advisement of Boykin rights could be sufficient proof of a prior guilty plea. In the instant case, the state offered minutes from Vernon Parish that stated the defendant had been represented, “freely gave the plea,” and that trial court had “explained to the defendant the charge against him, the possible penalty, his constitutional right to trial by Jury [sic ], the presumption of innocence, right to confront and cross-examine accusers, right to compulsory process and the right to remain silent |7and not incriminate self.” [sic ]. The minutes stated that the defendant “understood and waived those rights” and that “[a]n Explanation of Constitutional Rights Form [sic] was filed into the record.” Id. The state also offered the minutes from Jefferson Davis Parish regarding the 1993 guilty plea that stated the defendant was represented by counsel and entered his plea “freely and voluntarily” after the trial court “informed the defendant of his right to a jury trial, the right to confront and cross examine [sic ] the witnesses against him and the right against self incrimination.” Id. We find that the state did comply with the initial burden of proof under Shelton, supra, by presenting these minutes which showed the minimum proof required.
The problem with the inaccuracy of the minutes from the guilty plea entered on June 6, 1994, in Vernon Parish was not presented until after the habitual offender hearing held on March 11, 2002. The record contains a motion requesting Boykin transcripts for theft and cocaine possession guilty pleas entered in 2002, but no motion requesting the 1994 transcript. The defendant further discussed the transcript and lack of proper advisement in the amendment to the application filed in the district court on March 21, 2005. The defendant made similar arguments in his writ application to this court, filed on January 17, 2006, but elaborated on the connection between ineffective counsel and the failure to discover the defective guilty plea.
A review of the 1994 guilty plea transcript as provided in the defendant’s application for post-conviction relief shows that the trial court obviously failed to advise the defendant of his rights under Boykin, and that |sthe minutes incorrectly stated that the defendant had been informed of and waived those rights. We have no knowledge of the. validity of the plea taken in Jefferson Davis Parish as the defendant has not claimed deficiency of that plea and no copy of the transcript is provided in the record.
If the defendant had objected to the use of the 1994 guilty plea at the time of habitual offender hearing and shown some evidence of irregularity, thereby rebutting the presumption of regularity in final judgments under Shelton, supra, the burden would then have shifted to the state to produce a “perfect” transcript of the taking of the guilty plea.
Our review of the record shows that the state met its initial burden under Shelton, supra, and review of the “prior guilty plea” as requested in the defendant’s brief shows that the plea was indeed defective as ruled by the trial court on remand. This issue has already been corrected during the evidentiary hearing on remand by ruling that the defendant was a second *1197 felony offender instead of a third felony offender.
Finally, the defendant also argued that the trial court failed to provide written reasons for the habitual offender adjudication. The trial court’s failure to do so is harmless error because the transcripts of the habitual offender proceedings show oral reasons and the sufficiency of the evidence presented. See State v. Richardson, 39,456 (La.App.2d Cir.3/2/05), 896 So.2d 257, writ denied, 05-0845 (La.11/29/05), 916 So.2d 165, petition for cert. filed. This assignment is without merit.
| ¡,Excessive Sentence
The defendant argues that the sentence imposed was constitutionally excessive, noting that the sentence remained the same after his habitual offender status had been reduced from third felony offender to second felony offender. He claims that the trial court failed to consider his personal, social, or employment history, and merely relied upon his criminal history. He argues that the maximum sentence was constitutionally excessive. The state argues that the defendant’s criminal history supports the sentence imposed, that the sentence was within the statutory limits, and that the trial court did not abuse its broad discretion in imposing the sentence.
A person convicted of theft when the misappropriation or taking amounts to a value of $300 or more, but less than $500, shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than $2,000, or both. La. R.S. 14:67(B)(2). A person who has been adjudicated as a second felony offender, if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. La. R.S. 15:529.1(A)(l)(a).
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Robinson, 36,147 (La.App.2d Cir.12/11/02), 833 So.2d 1207; State v. Adger, 35,111 (La.App.2d10 Cir.9/26/01), 797 So.2d 146. See also State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
The test imposed by a reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 *1198 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence [^violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
The defendant filed a motion to reconsider sentence which seemed to incorrectly argue that this was a mandatory minimum sentence under the habitual offender law. That motion was denied by the trial court because it gave full consideration to the issues at the time of sentencing. The defendant argues in his brief that this sentence was constitutionally excessive.
The sentencing range applicable in this case based on the defendant’s habitual offender status is between one and four years, with or without hard labor, without the benefits of probation or suspension of sentence. The sentence imposed, while it is the maximum allowed, is not constitutionally excessive. The trial court reviewed the pre-sentence investigation report which summarized the defendant’s lengthy criminal history, including the following: an arrest in 1991 for unauthorized use of an access card which was dismissed, arrests for three counts of theft in 1992 (also dismissed), a guilty plea in 1992 to forgery and theft charges, probation revocation on the sentence imposed for that conviction in 1996, another arrest for forgery and theft in 1992, two convictions for theft in 1993, a guilty plea in 1994 to four |, ¡.counts (out of the 11 charged) of simple burglary, another 1994 guilty plea to unauthorized use of an access card, the present conviction for theft of goods in 2001, and another arrest in 2001 for possession of a Schedule II CDS.
The defendant appears to be a career criminal as he was born in 1971 and has been repeatedly involved in criminal activity since 1991. Considering the defendant’s prolific criminal past, the imposition of the maximum sentence here does not shock the sense of justice. This assignment is without merit.
CONCLUSION
Finding no merit in the assignments of error, we affirm the habitual offender adjudication and the sentence.
AFFIRMED.