Judgment rendered May 20, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,453-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JACK D. NOBLES                              Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. CR 44442

Honorable Jacque D. Derr, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Chad M. Ikerd

R. CHRISTOPHER NEVILS                Counsel for Appellee
District Attorney

RICHARD CHRISTOPHER
STEVEN D. CREWS
COLE B. SMITH
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and STONE, JJ.

**PITMAN, J.**

Defendant Jack D. Nobles was found guilty as charged of possession of contraband in a penal institution. He was adjudicated as a third felony habitual offender and sentenced to six years at hard labor. He now appeals his conviction and sentence. For the following reasons, we affirm his conviction, vacate and set aside the habitual offender adjudication and sentence, and remand to the trial court for further proceedings.

## FACTS

On July 5, 2018, the state filed a bill of information charging Defendant with possession or introduction of contraband into a penal institution, in violation of La. R.S. 14:402(E). The state alleged that on or about June 5, 2018, Defendant possessed or introduced contraband, i.e., a cellular phone, into a penal institution.

A jury trial was held on September 24, 2018. Deputy Johnny Shively of the Winn Parish Sheriff's Department testified that on June 5, 2018, he went to the Winn Parish Jail to conduct a "shakedown" in a jail cell that housed six men, including Defendant. The warden ordered the occupants to line up facing a wall, put their hands on the wall and not to move. Dep. Shively then searched the bunk beds, table, shower and toilet in the jail cell. He found a cellular phone under the bedcovers of the bed assigned to Defendant. After the search was finished, he advised Defendant of his rights and then asked Defendant about the phone. Defendant told him that he had been using the phone, but that it did not belong to him. Defendant denied knowing the phone's passcode.

On cross-examination, Dep. Shively testified that he did not determine how the phone came to be in the jail, did not know how long Defendant had

been at the jail and did not question the other five men housed in the jail cell about the phone.

Deputy Wayne Hagen of the Winn Parish Sheriff's Office testified that he received the cellular phone from Dep. Shively and then obtained a search warrant for the phone. His search was unsuccessful because he was not able to obtain the phone's passcode from Defendant.

The state rested, and the defense did not present any witnesses. The jury found Defendant to be guilty as charged.

On November 26, 2018, Defendant filed a motion for new trial. He argued that the verdict is contrary to the law and evidence presented at trial because the state failed to prove that the contraband belonged to him. The trial court denied this motion.

A sentencing hearing was held on November 26, 2018, whereupon the trial court stated that the presentence investigation report revealed that Defendant had seven prior felony convictions. It found that, in light of Defendant's criminal history, the maximum sentence was appropriate and sentenced him to five years at hard labor with credit for time served.

On November 29, 2018, Defendant filed a motion to reconsider sentence. He argued that the trial court was aware of the sentence that would have been imposed had he pled guilty, that the court was penalizing him for exercising his right to a jury trial and that the sentence imposed was excessive and not commensurate with the crime for which he was convicted. The trial court denied this motion.

On December 17, 2018, the state filed a habitual offender bill of information. At a hearing on March 19, 2019, a plea agreement was read into the record that in exchange for Defendant's guilty plea to the habitual

2

offender charge, the state would agree to a six-year sentence and the dismissal of a pending charge of felony theft. Defendant confirmed that he understood the terms of the plea agreement and that he wanted to plead guilty. Defendant admitted to the two prior felony convictions contained in the habitual offender bill of information. The trial court found that the admissions were satisfactory and that the instant conviction would constitute a third felony. Defense counsel waived the sentencing delay. The trial court vacated Defendant's prior sentence and resentenced him to six years at hard labor with credit for time served.

Defendant appeals.

## DISCUSSION

*Sufficiency of the Evidence*

In his first assignment of error, Defendant argues that the state failed to sufficiently prove that he was guilty of possessing contraband in a penal institution. He contends that the state did not prove beyond a reasonable doubt that his admitted use of the cellular phone constituted possession of contraband, as required by La. R.S. 14:402. Defendant argues that the state did not prove he had actual or constructive possession of the phone because there was no testimony that anyone saw him possessing the phone; that there was no evidence he knew the phone was in his bed; and that, with five cellmates, Defendant did not have sole control of his bed.

The state argues that Defendant's conviction is sufficiently supported by the evidence that he used, and therefore possessed, the phone discovered in his bed at the Winn Parish Jail.

The standard of review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the

3

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Hearold*, 603 So. 2d 731 (La. 1992); *State v. Smith*, 47,983 (La. App. 2d Cir. 5/15/13), 116 So. 3d 884. *See also* La. C. Cr. P. art. 821. This standard does not provide an appellate court with a vehicle for substituting its appreciation of the evidence for that of the fact finder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517. The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442.

The *Jackson* standard is applicable in cases involving both direct and circumstantial evidence. *State v. Allen*, 36,180 (La. App. 2 Cir. 9/18/02), 828 So. 2d 622, *writs denied*, 02-2595 (La. 3/28/03), 840 So. 2d 566, and 02-2997 (La. 6/27/03), 847 So. 2d 1255, *and cert. denied*, 540 U.S. 1185, 124 S. Ct. 1404, 158 L. Ed. 2d 90 (2004). An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in a light most favorable to the prosecution. *Id.* When the direct evidence is thus viewed, the facts established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. *Id.*

Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Broome*, 49,004 (La.

4

App. 2 Cir. 4/9/14), 136 So. 3d 979, *writ denied*, 14-0990 (La. 1/16/15), 157 So. 3d 1127.  If a case rests essentially upon circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence.  La. R.S. 15:438; *State v. Broome*, *supra*.

At the time of the June 5, 2018 offense, La. R.S. 14:402(E) stated in pertinent part:

> It shall be unlawful to possess or to introduce or attempt to introduce into or upon the premises of any municipal or parish prison or jail or to take or send or attempt to take or send therefrom, or to give or to attempt to give to an inmate of any municipal or parish prison or jail, any of the following articles which are hereby declared to be contraband for the purpose of this Section, to wit:
>
> ***
>
> (7) Any telecommunications equipment or component hardware, including but not limited to cellular phones, beepers, global positioning satellite system equipment, subscriber identity module (SIM) cards, portable memory chips, batteries, and chargers, whether or not such equipment may be intended for use in planning or aiding an escape or attempt to escape from any institution.

The possession of contraband is analogous to the possession of a controlled dangerous substance and the possession of stolen things.  The state need not prove actual possession in order to obtain a conviction; constructive possession is sufficient to support a conviction.  *State v. Toups*, 01-1875 (La. 10/15/02), 833 So. 2d 910; *State v. Webster*, 51,865 (La. App. 2 Cir. 4/11/18), 246 So. 3d 779; *State v. Holden*, 45,038 (La. App. 2 Cir. 1/27/10), 30 So. 3d 1053, *writ denied*, 10-0491 (La. 9/24/10), 45 So. 3d 1072.  Constructive possession exists when the item is within the defendant's dominion or control.  *State v. Toups*, *supra*; *State v. Webster*, *supra*; *State v. Holden*, *supra*.  In some cases, possession may be established by shared control.  *State v. Toups*, *supra*; *State v. Webster*, *supra*.

5

In the case *sub judice*, the evidence presented by the state established that Defendant possessed contraband, i.e., a cellular phone, upon the premises of the Winn Parish Jail. The state proved that Defendant had constructive possession of the phone through his admission that he used the phone, and the phone was found in his assigned bed in the jail cell. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude beyond a reasonable doubt that Defendant was guilty of every essential element of the crime of possession of contraband in a penal institution. Further, the evidence presented at trial excludes every reasonable hypothesis of innocence.

Accordingly, this assignment of error lacks merit.

*Habitual Offender Plea Colloquy*

In his second assignment of error, Defendant argues that the trial court erred in the habitual offender plea colloquy by failing to inform him of his right to remain silent. He acknowledges that he waived his right to a formal habitual offender hearing and accepted the state's plea offer. However, he contends that the guilty plea colloquy violated his constitutional rights because the trial court failed to advise him of his right to remain silent and failed to determine that he freely and voluntarily pled guilty. He also contends that the state failed to present sufficient evidence of his prior convictions.

The state argues that the trial court's failure to advise Defendant that he had a right to remain silent is harmless error. It suggests that if Defendant's habitual offender adjudication and sentence are vacated, the plea agreement is no longer available to Defendant, and he would be exposed to a lengthier sentence.

6

Before accepting a defendant's admission that he is a multiple offender, the trial court must specifically advise the defendant of his right to a formal hearing, his right to require the state to prove his identity as a multiple offender and his right to remain silent. La. R.S. 15:529.1(D); *State v. Grimble*, 51,446 (La. App. 2 Cir. 7/5/17), 224 So. 3d 498; *State v. Odom*, 34,054 (La. App. 2 Cir. 11/1/00), 772 So. 2d 281. A trial court's failure to properly advise a defendant of his rights under the habitual offender statutes constitutes patent error on the face of the record and requires that the habitual offender's adjudication and sentence be vacated. *State v. Grimble*, *supra*; *State v. Odom*, *supra*.

In *State v. Mason,* 37,486 (La. App. 2 Cir. 12/10/03), 862 So. 2d 1077, this court stated that failure to inform a defendant of his rights during the habitual offender proceedings is error patent, but that under certain circumstances the error may be harmless. Quoting *State v. Bell,* 03-217 (La. App. 5 Cir. 5/28/03), 848 So. 2d 87, this court explained:

> La. R.S. 15:529.1(D)(1)(a) requires that the Defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the Defendant be advised of his constitutional right to remain silent. Generally, the failure of the trial court to advise the Defendant of his right to a hearing and his right to remain silent is not considered reversible error where the Defendant's habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the Defendant. However, when the guilt of the Defendant is proven by his own stipulation or admission to the habitual offender bill of information without having been informed of his right to a hearing or his right to remain silent, by either the trial court or his attorney, there is reversible error.

*See also State v. Delaney*, 42,990 (La. App. 2 Cir. 2/13/08), 975 So. 2d 789.

7

In the case *sub judice*, the following colloquy occurred at the habitual offender hearing:

> BY THE COURT: So, uh, but that's the deal.  If you agree that you have committed at least two prior felony's (*sic*), plus the one you were convicted of in this matter, I'll vacate the, uh, five year sentence, and give you a six year sentence, and, uh, the other . . . charge will be dismissed.  Okay.  Do you understand that?
>
> BY THE DEFENDANT: Yes, Sir.
>
> BY THE COURT: Is that what you want to do?
>
> BY THE DEFENDANT: Yes, Sir.
>
> BY THE COURT: Okay.  I believe he understands. . . .  You understand you're giving up your right to a hearing and just like a trial . . . all of this stuff when you do this.
>
> BY THE DEFENDANT: Yes, Sir.
>
> BY THE COURT: You also won't be able to appeal this.
>
> BY THE DEFENDANT: Yes, Sir.
>
> BY THE COURT: You understand that?
>
> BY THE DEFENDANT: Yes, Sir.
>
> BY THE COURT: Okay. So, is this what you—you want to do?
>
> BY THE DEFENDANT: Yes, Sir.

The state then read the factual bases for the prior two felony convictions, and Defendant stated that he admitted to the convictions.  The trial court stated that Defendant's admissions were satisfactory and sentenced him as a third felony habitual offender to the agreed-upon sentence.

During this colloquy, the trial court failed to properly advise Defendant of his right to remain silent, which constitutes an error on the face of the record.  According to *State v. Mason*, *supra*, this failure could be harmless error if Defendant's guilt was established by competent evidence

8

offered by the state at a hearing. However, the transcript of the habitual offender hearing and the appellate record reveal that the state did not present any evidence, e.g., bills of information for the previous convictions, to support the habitual offender charges. The evidence in this appellate record is insufficient to support the habitual offender adjudication, and the state failed to meet its burden of proof that Defendant is a third felony habitual offender.

Accordingly, this assignment of error has merit. We vacate and set aside Defendant's habitual offender adjudication and sentence and remand to the trial court for further proceedings.

## ERROR PATENT

At the time of the offense, La. R.S. 14:402(G) provided that whoever violated the statute shall be fined for not less than $250 and not more than $2,000 and shall be imprisoned, with or without hard labor, for not more than five years. As a third felony habitual offender, Defendant faced a penalty of two and one-half years to ten years at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1(A)(3)(a) and (G).

The errors in the habitual offender adjudication notwithstanding, the trial court imposed a statutorily and constitutionally compliant habitual offender sentence, save for its failure to state that the sentence was imposed without benefit of probation or suspension of sentence. As we reverse the habitual offender adjudication and sentence, this issue is moot.

## CONCLUSION

For the foregoing reasons, we affirm the conviction of Defendant Jack D. Nobles. We vacate and set aside his habitual offender adjudication and sentence, and we remand to the trial court for further proceedings.

9

**CONVICTION AFFIRMED; HABITUAL OFFENDER**

**ADJUDICATION AND SENTENCE VACATED; REMANDED.**