MOORE, J.
|! Kenneth Ray Duncan appeals his sentences, totaling 60 years, for being adjudicated a second felony offender after his convictions on one count of distribution of cocaine and one count of possession of cocaine. For the reasons expressed, we affirm.
■ In February 2010, the Ouachita Parish Sheriffs Office special crimes apprehension team (“SCAT”) was conducting a “buy-bust” operation in areas of the parish with high drug traffic. While four SCAT members surveilled from an unmarked van on Selman Drive, two undercover officers approached Duncan, who was sitting in a white car in the Wilshire Apartments parking lot. The undercover officers asked Duncan if he had a $20 rock of crack cocaine; Duncan replied that he did. One of the officers gave him a $20 bill with a prerecorded serial number, after which Duncan brought the crack to the officer’s car. Upon receipt of the cocaine, the undercover officer signaled the SCAT members, who sprang from the back of the unmarked van and placed Duncan under arrest. A search of Duncan’s person yielded $3,844, including the prerecorded $20 bill, and a small medicine bottle containing 10 additional rocks of crack. Lab analysis confirmed that the substance sold to the undercover officer, as well as the rocks seized from Duncan’s pocket, were crack cocaine.
The state charged Duncan by bill of information with one count of distribution of cocaine, La. R.S. 40:967 A(l), for selling the crack to the undercover agent, and one count of possession of cocaine with intent to distribute, R.S. 40:967 A(l), for having the additional crack in his pocket. After a two-day trial, the jury found him guilty as charged on the first count Land guilty of simple possession of cocaine on the second.
The state then charged Duncan as a second felony offender, La. R.S. 15:529.1 A(l)(a), citing a 2006 conviction for unauthorized use of a motor vehicle. Pursuant to a plea agreement, Duncan agreed to plead guilty as charged in exchange for the state’s promise not to charge him as a third or fourth felony offender even though grounds for such charges existed. The district court found that Duncan’s plea was knowingly and intelligently entered, and ordered a presentence investigation (“PSI”) report.
At the sentence hearing, the district court filed and read into the record a 14-page ruling. Citing the PSI, the court stated that this was actually Duncan’s seventh felony conviction; astonishingly, the predicate felony, unauthorized use of a motor vehicle, had occurred the very day he was released from a two-year prison sentence for simple burglary. The court found that Duncan had a criminal history spanning 26 years and two states, seven felonies and a string of misdemeanor arrests and convictions including burglary, theft, possession of stolen things, drug offenses and domestic violence, making him the “worst offender.” The court imposed maximum sentences of 60 years at hard *923 labor for distribution and 10 years at hard labor for possession, to run concurrently.[1]
Duncan now appeals, urging only that his combined sentences of 60 years at hard labor are excessive in that they constitute a life sentence. He concedes that he has a criminal history and was adjudicated a second felony | (¡offender, but urges that he is not the worst of offenders and that the court failed to consider any mitigating factors present in the case. He does not cite any such factors, but concludes that the goals of punishment and rehabilitation could be better achieved with a less severe sentence.
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the district court’s compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. However, when a defendant files no motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Williams, 45,755 (La.App. 2 Cir. 11/3/10), 54 So.3d 1129, writs denied, 2010-2682, -2706 (La.4/25/11), 62 So.3d 82, 89. The record does not show that Duncan filed a motion to reconsider, so our review is limited to the bare claim of constitutional excessiveness. We would note, however, that the district court’s per curiam is comprehensive and shows exemplary compliance with Art. 894.1.
A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lobato, 603 So.2d 739 (La.1992). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. Normally, |4sentences at or near the maximum are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665. Nevertheless, the sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7. The benefit accruing from a plea bargain is a relevant consideration in reviewing a sentence for excessiveness. State v. LeBlanc, 2009-1355 (La.7/6/10), 41 So.3d 1168; State v. Guzman, supra.
As a second felony offender convicted of distribution of cocaine, Duncan faced a sentence range of 15 to 60 years at hard labor. La. R.S. 15:529.1 A(l), 40:967 B(4)(b). Had he been charged as a fourth felony offender, with a drug offense and two predicate crimes of violence, he would have faced a mandatory life sentence at hard labor without benefits. La. R.S. 15:529.1 A(4)(b). Although the difference is perhaps academic, Duncan received a significant benefit from the state’s agreement not to charge him to the extent his record would allow.
There is really no need to reiterate Duncan’s appalling criminal history, already ably related by the district court. Dating *924 back to 1987, when Duncan was 17 1/2 years old, it includes seven felony convictions, numerous misdemeanor convictions and even more arrests with no dispositions shown. With the district court, we find that Duncan’s modus vivendi has been crime, at first burglary, theft and drug dealing, and more recently domestic abuse, a criminal career interrupted only by brief intervals |sof employment and longer stretches in jail. At least two prior terms of probation were revoked for criminal activity, and the predicate offense of unauthorized use of a vehicle occurred the very day Duncan was released from a two-year hard labor sentence for simple burglary. Short sentences and probationary terms have utterly failed to curb his criminal propensities. This sentence of 60 years, though tantamount to life, appears to be society’s final option. We perceive no constitutional excessiveness.
Finally, we have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). The convictions and sentences are therefore affirmed.
AFFIRMED.

. The 60-year sentence included two years without benefit of parole, probation or suspension of sentence under La. R.S. 40:967 B(4)(b) and the remainder without benefit of probation or suspension of sentence under R.S. 15:529.1 G. The 10-year sentence was also without benefit of probation or suspension of sentence under R.S. 15:529.1 G.