MOORE, J.
| TAfter he was charged with second degree murder committed during an armed robbery, the defendant, Caddara D. Hogan, pled guilty to manslaughter pursuant to a plea agreement. The agreement provided no sentencing cap. He was subsequently sentenced to 35 years at hard la *1198 bor. He now appeals his sentence. For the following reasons, we affirm.
FACTS
On February 3, 2010, the defendant, age 19, along with Paris T. Smith, age 17, and Farrell M. Rochelle, age 18, attempted to rob Ronald Wilson in Mansfield, La. Mr. Wilson was shot and killed during the robbery attempt by one of the perpetrators.
On March 25, 2010, the defendant was charged by an amended bill of indictment for the second degree murder of Ronald Wilson during the attempted perpetration of an armed robbery. Paris T. Smith and Farrell M. Rochelle were also charged with second degree murder in the same indictment.
On November 14, 2011, Hogan pled guilty to the reduced charge of manslaughter. As part of the plea agreement, Hogan agreed to truthfully testify at the trial of the codefendants and the court ordered a pre-sentence investigation (“PSI”) report.
On June 26, 2012, the sentencing hearing was conducted. At the hearing, the defense requested the court to consider the following: The state offered the other two codefendants, but not to Hogan, guilty plea agreements of manslaughter with a 15-year sentence;[1] Hogan’s cooperation |ain testifying truthfully at the trial of the codefendants and in providing information about an unrelated robbery to law enforcement, although it did not lead to an arrest; the conflicting information as to whether Hogan or Rochelle was the shooter, although Hogan maintains that he was not the shooter; and, that under Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), one of the codefen-dants, a juvenile, could be eligible for parole at an earlier date than Hogan even though he was convicted of second degree murder.
The state argued that Miller v. Alabama, supra, does not apply in this case because Hogan, age 19, was an adult at the time of the offense and had the capacity to make an appropriate decision. Also, the state noted that Hogan was not given the same offer as the codefendants because of his criminal history, which involved violent offenses, and because there were facts indicating that Hogan was the instigator and shooter in this case.
Prior to imposing sentence, the trial court reviewed the facts of this case and the conflicting testimony as to who actually shot the victim. All parties agreed that if Hogan would have gone to trial, he would have been convicted of second degree murder. The trial court also reviewed the PSI, including Hogan’s criminal, personal and social history. The court noted that Hogan is a second-felony offender. In 2006, Hogan was arrested for second degree kidnaping and armed robbery, but later pled guilty to simple burglary of an inhabited dwelling and received a four-year sentence. He was also arrested in 2009 for second degree battery; however, there was no disposition found for this charge. Further, the court reviewed the ^sentencing guidelines set forth in La. C. Cr. P. art. 894.1, stating:
The Court: ... the Court is going to review the sentencing guidelines on the record here. Mr. Hogan is in need of correctional treatment. And his conduct did manifest a violence towards Mr. Wilson. He was attempting to gain money from him. That would be subpart 3— (B)3 of the commission of that offense. Mr. Hogan did use actual violence and at the very least, depending on whose version of this event you use, that caused others to use force or violence upon Mr. Wilson to commit this offense. There was a death as a result of this *1199 offense. There was a dangerous weapon. He was on parole at the time of this offense. He is however still considered by this Court to be a youthful offender. I don’t believe that Mr. Hogan was provoked to act in this case. There’s no grounds tending to excuse or justify other than his youthfulness. No way Mr. Hogan can compensate the victim in this matter. No undue hardship on other dependents in this matter. I do take into consideration the mitigation that he has cooperated and he did try to minimize his exposure with making better decisions. And the Court does have the pre-sentence investigation report ...
After considering the above, the trial court sentenced Hogan to 35 years at hard labor.
On June 27, 2012, the defense filed a motion to reconsider sentence, arguing that Hogan’s sentence was excessive. It argued that the trial court failed to give sufficient weight to Hogan’s cooperation in the trial of the codefendants and in providing information to law enforcement, the plea offers made to the codefendants, and the possible effects of Miller v. Alabama, supra, which could result in Hogan’s juvenile codefendant, convicted of second degree murder, being eligible for parole before Hogan.
On July 13, 2012, the trial court denied Hogan’s motion to reconsider sentence. The court stated that prior to imposing Hogan’s sentence, it considered the sentencing guidelines and Hogan’s cooperation in the trial of the codefendants. The court stated that the decision in Miller v. Alabama, \ ¿supra, is strictly confined to juvenile offenders. The court noted that by pleading guilty to manslaughter, Hogan greatly reduced his potential sentencing exposure because he was initially charged with second degree murder, which carries a mandatory life sentence. Further, the court stated that this was a violent crime that resulted in the death of the victim and that any lesser sentence would deprecate the seriousness of the crime.
This appeal followed.
DISCUSSION
Defendant’s sole assignment of error on appeal is that the district court erred, as a matter of law, in denying the defendant’s motion for reconsideration of sentence and rendering an excessive sentence in this case.
The defense argues that Hogan’s sentence is excessive, punitive, and that the goals of punishment and rehabilitation can be accomplished with a less harsh sentence. The defense claims that Hogan was an uneducated youthful offender (21 years old), with no significant adult criminal history. The defense contends that Hogan’s actual involvement, in comparison to that of the codefendants, with regard to the actual shooting of the victim was never established. The defense cites various cases in which courts have upheld sentences of 30 years or less for manslaughter. The defense asserts that Hogan’s juvenile codefendant, convicted of second degree murder, will likely serve less time than Hogan because of the decision in Miller v. Alabama, supra, and that the codefendants were offered lesser sentences during failed plea negotiations. The defense contends that Hogan is not a | ¡-“worst offender” for which a near-maximum sentence is justified.
The state contends that the trial court adequately considered all mitigating and aggravating factors. The state argues that prior to sentencing Hogan, the court reviewed the criteria set forth in La. C. Cr. P. art. 894.1 and the pre-sentence investigation report. The state claims that the court noted Hogan’s criminal history, including a kidnaping and an armed robbery, both crimes of violence, and that Hogan was on parole at the time of the *1200 instant offense. The state contends that Hogan’s sentence is supported by his prior criminal history and his instigation and participation in the death and robbery of the victim. Hogan received a significant benefit from the plea agreement allowing him to plead to a lesser offense and that the sentence imposed is not the maximum for manslaughter. It is significantly less than the required life sentence for a second degree murder conviction.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 438 So.2d 688 (La.1983); State v. Lathan, 41,-855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual | (¡basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La. App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. State v. Dunn, 30,767 (La.App. 2 Cir. 6/24/98), 715 So.2d 641; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Absent a showing of manifest abuse of that discretion, the appellate court may not |7set aside a sentence as excessive. State v. Guzman, supra.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App. 2 Cir. 2/13/08), 976 So.2d 802; State v. Woods, 41,420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658, writ denied, 2006-2768 (La.6/22/07), 959 So.2d 494, and writ denied, 2006-2781 (La.6/22/07), 959 So.2d 494. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in *1201 eases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Germany, 43,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
There is no requirement that codefendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Taylor, 485 So.2d 117 (La.App. 2 Cir.1986). The disparity of sentences between codefendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Savoy, 2011-1174 (La.7/2/12), 93 So.3d 1279; State v. Quim-by, 419 So.2d 951 (La.1982); State v. Jackson, 30,473 (La.App. 2 Cir. 5/13/98), 714 So.2d 87, writ denied, 98-1778 (La.11/6/98), 727 So.2d 444.
|sIn Miller v. Alabama, supra, the United States Supreme Court held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders” convicted of homicide. The court did not, however, eliminate the possibility that a sentencing judge could sentence a murderer, who was a juvenile at the time of the offense, to life imprisonment, in certain instances. The court stated that “a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.”
Manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31(B). See State v. Brown, 34,767 (La.App. 2 Cir. 5/9/01), 786 So.2d 910 (the court upheld the maximum 40-year sentence imposed on a 19-year-old second-felony offender who pled guilty to the reduced charge of manslaughter, when the evidence would have supported a conviction for first degree murder).
In State v. Emerson, 31,408 (La.App. 2 Cir. 12/9/98), 722 So.2d 373, writ denied, 99-1518 (La.10/15/99), 748 So.2d 470, we found no abuse of discretion in a 36-year sentence imposed for a manslaughter conviction. The defendant, who was charged and tried for second degree murder that resulted in a manslaughter conviction, complained on appeal that the sentence imposed was excessive and amounted to cruel and unusual punishment. Although the circumstances of the crime were not among the worst found in the jurisprudence, e.g., there was no evidence of deliberate cruelty to the victim, the defendant’s prior criminal history revealed that he was among the worst type of offenders for this “typical” offense. At age 23, he had several offenses committed before age 20, including three ^convictions for distribution of cocaine and one conviction for simple robbery reduced from an initial armed robbery charge. He had several arrests for aggravated assault with a firearm and one arrest for aggravated battery, also involving a firearm.
Similarly, in this instance, the defendant has a previous criminal history involving the use of firearms. In 2006, he was charged with two counts of kidnapping and two counts of armed robbery, but was allowed to plead guilty to simple burglary. He was also arrested in 2009 with second degree battery. While on parole for the simple burglary offense, he committed the instant offense resulting in charges of first degree murder, armed robbery, and possession of a firearm by a convicted felon. These circumstances of the previous crimes and the instant crime indicate that the defendant is among the worst type of criminal offenders. State v. Emerson, supra.
*1202 Prior to imposing Hogan’s sentence, the trial court adequately considered the circumstances of the offense, the information in the PSI report, and the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. In stating reasons for the sentence, the trial court noted Hogan’s relatively young age and his cooperation in the trial of the codefendants. On the other hand, the trial court noted that this was a violent crime whereby Hogan was attempting to gain money from the victim and which resulted in the death of the victim. The trial court reviewed Hogan’s criminal history and noted that Hogan is a second-felony .offender and was on parole at the time of the instant offense. Moreover, Hogan substantially benefitted from the plea agreement and reduced sentence exposure. If convicted of second degree 1 ipmurder, Hogan would have faced a mandatory sentence of life in prison. La. R.S. 14:30.1.
Hogan’s primary complaint relates to the weight that the trial court placed on the mitigating factors. However, the trial court was not required to place any particular weight on the mitigating facts; it only had to consider them. See State v. Shumaker, supra. In this case, the record indicates that the trial court adequately considered the appropriate mitigating and aggravating factors in determining Hogan’s sentence. Further, the decision in Miller v. Alabama, supra, is only applicable to juvenile offenders. For purposes of the Eighth Amendment, a “juvenile offender” is a person under the age of 18 years at the time of the offense. State v. Walder, 2012-0051 (LaApp. 1 Cir. 9/24/12), 104 So.3d 187.
After review, we conclude that the trial court did not abuse its discretion in imposing a 35-year sentence in this ease. Considering the foregoing, the sentence imposed by the trial court does not shock the sense of justice, nor is it disproportionate to the severity of the offense. Therefore, this assignment of error is without merit.
Having determined that the defendant’s sentence is not constitutionally excessive, we find no error in the trial court’s decision to deny the motion to reconsider sentence.
Conclusion
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. The plea offers were rejected.