CARAWAY, J.
|, Ronnie Jean Osborne pled guilty to aggravated second degree battery and was subsequently sentenced to 15 years at hard labor. Osborne appeals, arguing that her sentence is excessive. We affirm the defendant’s conviction and sentence.

Facts

On August 31, 2012, Ronnie Jean Osborne and her boyfriend, William Long, were drinking beer at their residence when an argument and physical altercation ensued. After the altercation, Osborne got into Long’s vehicle intending to go to another location. Long positioned himself in the roadway in an attempt to recover his vehicle from Osborne and waved his hands in an effort to get her to stop. As Osborne approached Long, witnesses observed her slow the vehicle down, as if she were going to stop, but then rapidly accelerate, striking Long. Eyewitnesses also reported that Osborne never attempted to stop, slow down, or swerve to avoid striking Long. Long was trapped under the vehicle, and he was dragged for approximately 400 feet. Osborne left the area. Long was taken to the hospital with life-threatening injuries, and he ultimately lost his left arm and sustained severe injuries to his right arm and left leg. Osborne was located and arrested later that night.
On October 25, 2012, Osborne was initially charged by bill of indictment with attempted manslaughter; the bill was amended to aggravated second degree battery on December 19, 2012.
On January 17, 2013, pursuant to a plea agreement in which the state agreed not to *1014 file a habitual offender bill of information, Osborne pled guilty 12to aggravated second degree battery. The trial court ordered a presentence investigation report (“PSI”).
On March 26, 2013, the sentencing hearing was conducted. Defense counsel noted that the victim was convicted of domestic violence against Osborne on two prior occasions and argued that the previous trial judge in the case was under the impression that Long precipitated the event that led to this incident. The state conceded this fact as one of the reasons that had led to amendment of the bill in addition to the previous judge’s suggestion that the charges be reduced. The sentencing court agreed that Long’s convictions had been factored into the plea agreement, which along with the state’s agreement to forgo habitual offender proceedings, afforded Osborne reduced charges and sentencing exposure.
Prior to sentencing Osborne, the trial court reviewed the facts of this case and the PSI, including Osborne’s social and criminal history. The court noted that Osborne was 45 years old, originally charged with attempted manslaughter and failed to submit a statement to police regarding the events. The court also considered that the victim had indicated that he was satisfied that Osborne receive no more than a 15-year sentence.
Thereafter, the court reviewed Osborne’s lengthy criminal history which includes the following:
1) October 2, 1985 charge of theft. Osborne pled guilty to unauthorized use of a movable on January 15,1986.
2) January 29, 1986 guilty plea to trespassing.
3) November 6, 1987 arrest for operating a vehicle while intoxicated, which was dismissed pursuant to a plea agreement.
|a4) September 8, 1989 charge for conspiracy to commit second degree murder when Osborne conspired with her husband to kill their landlord because they could not afford to pay the rent. The landlord was beaten to death with a shovel. As part of a plea agreement, Osborne agreed to testify against her husband in exchange for a reduced charge of manslaughter and a 10-year sentence.
5) September 22, 2001 arrest for DWI-first offense, no driver’s license, and careless operation, but these charges were later dismissed as part of a plea agreement.
6) February 11, 2003 guilty plea to unauthorized use of a movable, for which Osborne received a six-month suspended sentence with two years’ probation, which was later revoked.
7) February 11, 2003 guilty plea to theft. Osborne was sentenced to pay a fine and a six-month suspended sentence, with two years of probation, which was later revoked.
8) July 11, 2003 guilty plea to theft; sentenced to time served.
9) October 21, 2003 guilty plea to simple possession of marijuana. Charges for possession of drug paraphernalia and resisting an officer were dismissed. Osborne was sentenced to a fine and a 90-day suspended sentence, with 24 months of supervised probation, which was later revoked.
10) October 21, 2003 guilty plea to possession of marijuana.
11) January 3, 2007 guilty plea to traffic violations. Osborne received a sentence of 20 days in jail.
12) September 6, 2006 guilty plea to misdemeanor unauthorized use of a movable for which Osborne was sentenced to ’ pay a fine.
*1015 IB) March 20, 2007 guilty plea to possession of drug paraphernalia. Osborne was sentenced to time served.
14) January 3, 2007 guilty plea to contempt of court for failure to appear; sentenced to 20 days in jail. Second count of contempt of court was dismissed.
15) September 18, 2007 guilty plea to attempted theft for which Osborne was sentenced to pay a fine and serve 20 days in jail with credit for time served.
16) January 28, 2009 arrest for disturbing the peace, intoxication and possession of drugs without a prescription. On June 17, 2009, | ¿Osborne was sentenced to a fine, five years’ hard labor, suspended, with three years of supervised probation which was later revoked.
17) April 30, 2009 arrest for disturbing the peace and two counts of resisting an officer. Osborne pled guilty to disturbing the peace and was sentenced to pay a fine on May 10, 2009. The remaining two counts were dismissed.
18) April 11, 2012 guilty plea to improper harassing phone calls; sentenced to six months in jail.
Further, the trial court considered the guidelines set forth in La.C.Cr.P. art. 894.1. As an aggravating factor, the court observed that Osborne’s conduct during the commission of the offense manifested deliberate cruelty and resulted in significant permanent injury to the victim. Further, the court stated that it was unaware of any mitigating factors. The court considered that the victim was convicted on two prior occasions of battering Osborne, but because this was taken into account in the plea agreement, it did not factor into the court’s consideration of the sentence. The court stated that there is undue risk that during a period of suspended sentence Osborne would commit another crime, noting that on every occasion she was placed on probation, it was revoked. The court concluded that Osborne was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the offense. The court noted that Osborne received leniency in the plea agreement and that she is a third-felony offender.
Considering the above, the trial court sentenced Osborne to 15 years at hard labor. Osborne requested that the sentence be imposed concurrent to her parole revocation sentence. The court denied the request and ordered the sentence to run consecutively to any other sentence that Osborne was | ¡¡serving, given the fact that this was her third felony offense and that it is a crime of violence. The defense did not file a motion to reconsider Osborne’s sentence. This appeal followed.

Discussion

Osborne contends that the maximum 15-year sentence is excessive, punitive and will not achieve any goals of rehabilitating her. She argues that the sentence is excessive both as to its length and consecutive nature[1] and is not supported by the record, particularly considering the mitigating factors of her use of alcohol prior to the offense, her failure to contemplate the consequences of her conduct and the victim’s wishes.
The offense of aggravated second degree battery provides for a fine of not more than $10,000 or imprisonment, with or without hard labor, for not more than 15 years, or both. La. R.S. 14:34.5.
*1016 Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the district court’s compliance with the sentencing guidelines of La.C.Cr.P. art. 894.1. However, when a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Williams, 45,755 (La.App.2d Cir.11/3/10), 54 So.3d 1129, writs denied, 10-2682, 10-2706 (La.4/25/11), 62 So.3d 85, 89.
A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a | fipurposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lobato, 603 So.2d 739 (La.1992). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. State v. Teston, 47,651 (La. App.2d Cir.1/16/13), 109 So.3d 452, writ denied, 13-0354 (La.9/27/13), 123 So.3d 180.
The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Duncan, 47,697 (La.App.2d Cir.1/16/13), 109 So.3d 921, writ denied, 13-0324 (La.9/13/13), 120 So.3d 280. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
17As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665; State v. Hogan, 47,993 (La. App.2d Cir.4/10/13), 113 So.3d 1195, writ denied, 13-0977 (La.11/8/13), 125 So.3d 445; State v. Duncan, supra. However, in cases where the defendant has pled guilty to an offense that does not adequately describe his conduct, the general rule does not apply, and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and where the offense involves violence upon a victim. State v. Hogan, supra; State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792.
Prior to imposing Osborne’s sentence, the trial court adequately considered the circumstances of the offense and the information in the PSI. Thus, even though Osborne is entitled to review of her sentence for a bare excessiveness claim, we find adequate Article 894.1 compliance.
Moreover, we find the chosen sentence, even with the consecutive condition, to be adequately tailored to this defendant. The deliberate cruelty shown by Osborne to the victim in this case qualifies her as the worst possible type of offender. Any claimed justification (fear for her safety) *1017 for Osborne’s actions was removed by her protection inside the moving vehicle. Despite this fact, she chose to ignore the opportunity to bypass the victim and instead accelerated the vehicle. Osborne received substantial leniency from the plea agreement, which took the victim’s actions into account and forfeited habitual offender proceedings thereby reducing sentencing | sexposure from 40 years to 15 years. Thus, considering the circumstances of the offense, Osborne’s criminal history, and the benefit she received from the plea agreement, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error is without merit.

Decree

For the foregoing reasons, Osborne’s conviction and sentence are affirmed.
AFFIRMED.

. Osborne contends that with the consecutive sentencing, she will be subject to 20 years in prison, contrary to the victim’s wishes.