GARRETT, J.
LThe defendant, John Dee Bailey, appeals his conviction for middle-grade felony theft, claiming there was insufficient evidence to support his conviction. He was sentenced to serve five years at hard labor, to be served consecutively with any other sentence, and to pay restitution to the victim of $1,500. He also claims on appeal that his sentence is excessive. For the following reasons, we affirm the defendant’s conviction and sentence.
FACTS
Captain Mike Moore of the Ouachita Parish Sheriffs Office bought a 1992 Ford Explorer for $750 in September 2010. Within a short time after making this purchase, he gave the vehicle to his mother, Ruby Moore, who had it titled in her name and bought insurance for it. Ms. Moore spent $331 to repair an exhaust leak, the electric windows, and the radiator. Ms. Moore paid for the parts and her son-in-law did the work free of charge.
Ms. Moore rarely drove the vehicle and decided to sell it in early 2011.[1] She brought it to Southern Roofing in Baw-comville, Louisiana, and placed it on the parking lot to be sold. She originally asked $1,700, but later reduced her asking price to $1,500. The vehicle sat on the lot for approximately three weeks until it was stolen on or about March 26, 2011. A report was made to law enforcement and the vehicle was entered into the NCIC database.
In May 2011, sheriffs officials in Union Parish were delivering papers to a residence in that parish. The individual at that address said, “I hguess you’re here about the vehicle?” Upon investigation, Ms. Moore’s' vehicle was found in the woods behind the residence where it had been pushed. It was missing the engine and transmission. The back window had been broken out. The grill, hood, and bumper had been removed. Some pieces of the vehicle were found at the residence where the vehicle was recovered. The engine and transmission were never found.
Captain Moore retrieved the vehicle and Ms. Moore eventually sold it for scrap for about $200. Ms. Moore testified that she did not give the defendant permission to use the vehicle.
The defendant was developed as a suspect and was located at the Ouachita Correctional Center, where he was being held on other charges. He was informed of his Miranda rights. He waived those rights and confessed, admitting that he had sto *446 len the vehicle. The defendant said that he was walking along the Jonesboro Highway when he saw the vehicle parked on the lot for sale. The defendant had a similar vehicle and intended to use parts from Ms. Moore’s Explorer to repair his own vehicle. The defendant said he found an unlocked door on the car and was able to hot-wire it and drive it to the residence of a friend in Union Parish where it ultimately was found. He and the friend disassembled the vehicle.[2]
The defendant was charged by bill of information with theft of a 1992 Ford Explorer having a value greater than $1,000, in violation of La. R.S. 14:67. He was tried by a six-person jury. On January 31, 2012, the jury | ¡¿returned a verdict of guilty of theft of property valued at $500 or more, but less than $1,500.
A presentence investigation (“PSI”) was ordered. The defendant appeared before the trial court for sentencing on April 17, 2012. The defendant was sentenced to five years at hard labor, to be served consecutively with any other sentence, and to pay restitution to the victim of $1,500, No motion to reconsider the sentence was filed and no appeal was immediately filed. Pursuant to a post-conviction relief application, the defendant was granted an out-of-time appeal on July 29, 2014.
SUFFICIENCY OF THE EVIDENCE
The defendant contends that the prosecution failed to present sufficient evidence to support all of the elements of the crime of middle-grade felony theft. This argument is without merit.
Legal Principles
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Crossley, 48,-149 (La.App.2d Cir.6/26/13), 117 So.3d 585, writ denied, 2013-1798 (La.2/14/14), 132 So.3d 410. This standard, now legislative^ ly embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to | ¿substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517; State v. Crossley, supra.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913; State v. Hill, 42,025 (La.App.2d Cir.5/9/07), 956 So.2d 758, writ denied, 2007-1209 (La.12/14/07), 970 So.2d 529.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defen *447 dant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d. 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/6/09), 21 So.3d 299.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the ^witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Speed, supra; State v. Crossley, supra; State v. Stephens, 49,-680 (La.App.2d Cir.5/20/15), 165 So.3d 1168.
In 2011, when this offense was committed, La. R.S. 14:67 provided in pertinent part:
A. Theft is ■ the misappropriation or taking of anything' of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be 'the subject of the misappropriation or taking is essential.
B. (2) When the misappropriation or taking amounts to a value of five hundred dollars or more, but less than a value 'of one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not .more than five years, or may be fined not more than two thousand dollars, or both.
The elements of the crime of theft are: (1) that there be a misappropriation or taking, (2) that the misappropriation or taking be of a thing of value, (3) that the thing belong to another, and (4) that the misappropriation or taking, be with the intent to deprive the other permanently of that which is the subject of the taking. State v. Pittman, 368 So.2d 708 (La.1979); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747; State v. Cobb, 2013-1593 (La.App. 1st Cir.3/27/14), 144 So.3d 17. The prosecution must also prove the value of the stolen thing because the thing’s value is determinative of both the severity of the offense and the degree of punishment upon conviction. State v. Cobb, supra.
• j ¡/Unless it is shown that the owner lacks knowledge of the value of a movable, his testimony as to value is generally admissible, with its weight being left to the jury. State v. McCray, 305 So.2d 433 (La.1974); States v. Dilworth, 358 So.2d 1254 (La.1978); State v. James, 36,493 (La.App.2d Cir.12/11/02), 833 So.2d 1162; State v. Henry, 46,406 (La.App.2d Cir.8/10/11), 73 So.3d 958; State v. Johnson, 31,448 (La.App.2d Cir.3/31/99), 747 So.2d 61, writ denied, 1999-1689 (La.11/12/99), 749 So.2d 653, cert. denied, 529 U.S. 1114, 120 S.Ct. 1973, 146 L.Ed.2d 802 (2000), The owner does not have to. be an expert, nor need he be qualified as an expert at valuation. State v. James, supra.
Discussion
The defendant argues that the prosecution failed to prove that the value of the stolen vehicle was greater than $500, but Jess than $1,500. This argument is not supported by the record.
Captain Moore testified at trial that he purchased the vehicle for $750 in September 2010. He stated that the vehicle was in good condition. The vehicle was transferred to Ms. Moore’s name within a short time of the purchase. Ms. Moore spent $331 to make repairs to the exhaust system, radiator, and electric windows. She testified that the vehicle “ran good” after repairs.
Ms, Moore rarely drove the vehicle and decided to sell it in March 2011. She initially asked $1,700 for it before lowering the price to $1,500. The Explorer was stolen approximately three weeks after Ms. Moore |.?decided to sell it and six *448 months after Captain Moore originally purchased it.
Under these facts, there was sufficient evidence in the record upon which the jury could reasonably conclude that the vehicle was worth more than $500 at the time it was stolen. The testimony of both Captain Moore and Ms. Moore establishes the value of the vehicle and there was no showing that they lacked knowledge of the value of the movable.
The defendant argues that the prosecution was required to establish by competent evidence the exact value of the stolen item, citing State v. Peoples, 383 So.2d 1006 (La.1980). The facts of Peoples are distinguishable from those in the present case. In Peoples, the defendant appealed his conviction for receiving stolen things, office equipment, valued in excess of $500. The offense occurred on June 18, 1974. The prosecution presented evidence that the cost of the various pieces of office equipment, when purchased new between 1967 and 1972, was $561.80. It also offered evidence that it would cost $969 to replace the stolen items with new equipment. The prosecution did not offer any evidence as to the value of the equipment at the time of the theft. However, the defendant offered the testimony of an expert witness that the current value of the equipment was $220 to $400. Based upon the facts in Peoples, the Louisiana Supreme Court found the prosecution failed to prove that the items had a value of $500 or more, requiring a reversal of the conviction and the entry of a judgment of acquittal.
|sBy contrast, in the present case, the prosecution presented evidence of the purchase price of the Explorer six months prior to the theft, as well as detailing the amount spent to repair and improve the vehicle. Ms. Moore also testified that, at the time of the theft, she valued the vehicle at $1,500. This testimony was not rebutted by the defense. Under these circumstances, there is ample proof that the vehicle was valued at more than $500 at the time it was stolen.
EXCESSIVE SENTENCE
The defendant argues that the court erred in imposing the maximum sentence of five years at hard labor, consecutive to any other sentence. This argument is without merit.
Legal Principles
Ordinarily, appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the district court’s compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. However, as in this case where a defendant fails to file a motion to reconsider sentence in the lower court, appellate review is limited to the second step, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1998); State v. Vallo, 47,995 (La.App.2d Cir.2/13/14), 134 So.3d 1201; State v. Williams, 45,755 (La.App.2d Cir.11/3/10), 54 So.3d 1129, writs denied, 2010-2682, 2010-2706 (La.4/25/11), 62 So.3d 85, 89; State v. Osborne, 48,662 (La.App.2d Cir.1/15/14), 130 So.3d 1012; State v. Robinson, 49,677 (La.App.2d Cir.4/15/15), 163 So.3d 829.
IsA sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is deemed grossly- disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d *449 166. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. State v. Teston, 47,651 (La.App.2d Cir.1/16/13), 109 So.3d 462, writ denied, 2013-0354 (La.9/27/13), 123 So.3d 180.
The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. Duncan, 47,697 (La.App.2d Cir.1/16/13), 109 So.3d 921, writ denied, 2013-0324 (La.9/13/13), 120 So.3d 280. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 1995-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
| ^Regarding imposition of consecutive rather than concurrent sentences, La. C. Cr. P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. [Emphasis supplied.]
It is within a trial court’s discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868. Where the convictions stem from separate incidents involving different victims and occurring over a lengthy period of time, the resulting consecutive penalties will not be found to be an abuse of discretion. State v. McCray, 28,531 (La.App.2d Cir.8/21/96), 679 So.2d 543.
On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Osborne, supra. As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. Hogan, 47,993 (La.App.2d Cir.4/10/13), 113 So.3d 1195, writ denied, 2013-0977 (La.11/8/13), 125 So.3d 445; State v. Duncan, supra; State v. Osborne, supra.
At the time this offense was committed, under La. R.S. 14:67, the defendant was subject to a sentence of imprisonment, with or without hard 11Tlabor, for not more than five years, or a fine of not more than $2,000, or both.
Discussion
In this ease, the defendant was sentenced to serve the maximum period of incarceration for his offense, five years at hard labor, to be served consecutively with any other sentence. He was also ordered to pay restitution to the victim of $1,500. The defendant argues that the maximum sentence in this case was excessive. Because the defendant did not file a motion to reconsider sentence, our review of the sentence is limited to an analysis for constitutional excessiveness. However, the record shows that the trial court reviewed all relevant factors under La. C. Cr. P. art. 894.1 prior to sentencing. The court found there was an undue risk that the defendant would commit another crime if given a suspended sentence or placed on probation. The court observed that the defendant was not eligible for probation because of his numerous prior felony convictions. According to the trial court, the defendant *450 was in need of correctional-treatment or a custodial environment provided most effectively by commitment to an institution. The trial court found that a lesser sentence would deprecate the seriousness of the offense. The trial court stated that it also considered all the factors under La. C. Cr. P. art. 894.1(B), as well as other mitigating factors the court was charged to review.[3]
112The trial court ordered that the defendant serve the maximum period of incarceration in this case, five years at hard labor, and specified that the sentence be served consecutively with the sentences in any other cases. There has been no showing that there are any other convictions connected with this offense arising out of a single course of conduct. Therefore, the court was not required to enumerate the factors considered in ordering that the sentence be served consecutively.
' The sentence of five years’ incarceration at hard labor, although the maximum sentence, and the order of restitution in the amount of $1,500 to the victim, is not grossly out of proportion to the seriousness of the offense and does not shock the sense of justice. The sentence is tailored to the offender and the seriousness of the offense. The trial court did not abuse-its discretion in imposing the maximum- sentence of' incarceration in this case or in ordering that the sentence be served consecutively.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, John Dee Bailey, for the offense of middle-grade felony theft.
AFFIRMED.

. The trial testimony reflects that she had some medical issues.

. At trial, in a hearing outside the presence of the jury, the trial court determined that the defendant's inculpatory statements were made freely and voluntarily. The statements were used against him at trial.

. The trial court made a comment on the record that, as part of a plea bargain with die state, the defendant agreed to the maximum sentence of incarceration for this offense, ' which was five years at hard labor. It is not clear what plea agreement the 'court is referring to, because in the present matter, the defendant was tried by a jury and found guilty as charged. However, the record in this case, docket number 11-F-l 124-1, references another offense, docket number ll-F-000845-1. The Criminal court minutes in that matter show that the defendant pled.guilty and was sentenced on one count of felony theft on April 17, 2012, the same date he was sentenced in this case, with the sentence to be served consecutively with the sentence in this case and in one other matter. That case appears to be an entirely separate offense and unconnected to the present matter. The minutes in the case before us show that there was an agreement by the .state that it would not file a habitual offender bill against the defendant. The record also indicates the defendant was still on parole in yet another docket number, 06-F-3264-r3.