Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,303-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

ALMETRIC DEBROW                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 187,788

Honorable Ramona L. Emanuel, Judge

* * * * *

INNOCENCE PROJECT NEW ORLEANS          Counsel for Appellant
By: Kirschelle Faith McGowan

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
Assistant District Attorney

* * * * *

Before COX, ROBINSON, and MARCOTTE, JJ.

MARCOTTE, J.

This appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Ramona Emanuel presiding. Defendant, Almetric Debrow, was convicted in 1999 of two counts of attempted armed robbery. Debrow was adjudicated a third-felony offender on count one and sentenced to life imprisonment at hard labor without benefits. Debrow was sentenced to 35 years at hard labor without benefits on count two. The sentences were to be served concurrently. His convictions and sentences were affirmed on appeal. *State v. Debrow*, 33,592 (La. App. 2 Cir. 6/21/00), 763 So. 2d 791, *writ denied*, 00-2221 (La. 10/5/01), 798 So. 2d 957.

In 2019, Debrow filed a motion to correct an illegal sentence, arguing that he was entitled to resentencing under La. R.S. 15:308 and *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So. 3d 233. The trial court granted Debrow relief, his sentence for count one was vacated, and he was resentenced as a third-felony offender to 70 years at hard labor without benefits, to run concurrently with his sentence for count two and any other sentence. Defendant now appeals his sentence as excessive. For the following reasons, we affirm the trial court's sentence.

## FACTS AND PROCEDURAL HISTORY

On December 16, 1998, Debrow and his co-defendant, Tarence Mitchell ("Mitchell"), were each charged by amended bill of information with two counts of attempted armed robbery. The crimes occurred on April 1, 1997; the victims were Charles Maranto ("Maranto") and Johnny Smith ("Johnny"). A jury trial commenced on February 23, 1999; Debrow and Mitchell were tried together. Evidence adduced at trial revealed the following facts.

The victims were working at Consumer's Grocery on Pierre Avenue in Shreveport, Louisiana, in the evening of April 1, 1997. An off-duty police officer, Guy Smith ("Off. Smith") was working security and monitoring video surveillance from inside the store's office. Debrow, Mitchell, and Louis Bonner ("Bonner") entered the store. Bonner pulled a gun on Johnny who backed towards the office door and Off. Smith, who saw what was happening on video surveillance. Bonner forced Johnny into the office and told Off. Smith to drop his weapon. Off. Smith slapped Bonner's arm away and then fired two shots at Bonner. Bonner immediately surrendered and later died from his wounds.

Simultaneously, while Bonner was attempting to subdue Johnny and Off. Smith, Debrow pulled a gun on Maranto and demanded money from the cash register. As soon as the two shots Off. Smith fired at Bonner rang out, Debrow fled. Off. Smith left the office and saw Mitchell crouching and walking quickly towards the exit. Off. Smith pursued Mitchell and saw him running towards a beige Cadillac that was driving slowly down the street with its lights off. Off. Smith saw a gun from the driver's window and heard a shot; he returned fire at the Cadillac. Mitchell got in the car, and it drove away. The trial hinged on the identity of the would-be robbers, and Debrow maintained that he was not present for the attempted robberies. The entire incident was caught on the store's video surveillance.[1]

---

[1] A memorandum filed in support of Debrow's resentencing stated that two ski masks dropped at the scene by two of the perpetrators were collected by the state; one was later tested for DNA (the other had already been destroyed) after Debrow filed an application for post-conviction relief requesting testing. The memorandum said that the DNA profile of an unknown male was found on the mask and Debrow's DNA was excluded. The 2000 appellate opinion from this court does not state that any perpetrators were wearing masks while committing the offenses. However, the minutes show that the trial court ordered "DNA testing" in Debrow's case in 2014.

The jury also heard evidence of the arrest of one of Bonner's friends, Xavier Kinsey ("Kinsey"). Kinsey insisted that he was not one of the perpetrators and directed police to Peter Davis, who viewed the surveillance video and identified Debrow and Mitchell as two of the suspects, and Connie Martin ("Martin"), who was in the store when the three suspects came in, but left before the crimes occurred. Martin identified Debrow and Mitchell from photo lineups, but she did not view the surveillance video. Kinsey was then no longer considered a suspect.

By an 11-1 vote, the jury found Debrow guilty as charged. Debrow was adjudicated a third-felony offender on count one and sentenced to life imprisonment at hard labor without benefits.[2] He received a sentence of 35 years at hard labor without benefits for count two. The trial court ordered the sentences to run concurrently.[3] Debrow's convictions and sentences were affirmed by this court on appeal; sufficiency of the evidence was an issue considered by this court. *State v. Debrow, supra*.

Debrow sought post-conviction relief numerous times with the trial court and with this court. On January 29, 2019, Debrow filed a motion to correct an illegal sentence, arguing that he was entitled to retroactive benefit of the legislature's 2001 changes to the criminal statutes providing for more lenient penalties for certain criminal offenses, as delineated in La. R.S. 15:308. Debrow filed a statement on resentencing arguing that he should receive a more lenient sentence because he was 22 years old at the time of

---

[2] Debrow's predicate offenses were one count of aggravated criminal damage to property, committed in 1992, and one count of illegal possession of stolen things valued at over $500, committed in 1993.

[3] Mitchell was found guilty of two counts of attempted simple robbery for which he received concurrent sentences of 3 ½ years at hard labor.

3

the offense, he did not injure anyone in the commission of the offense, and he did not injure or make threats towards police officers during his arrest. He also maintained that he participated in various rehabilitative programs during his incarceration. Debrow's later memorandum on resentencing stated that he was innocent of the crimes and was misidentified as a suspect. Debrow stated it was Kinsey who participated in the crimes and not him.

A hearing on Debrow's motion to correct illegal sentence was held on September 30, 2020. The state agreed that Debrow was entitled to resentencing and said that it had "agreed to a downward departure to a term of 30 years at hard labor without benefit of probation in sentence [for count one]" in exchange for Debrow waiving all rights "to appeal a writ of review under any post-conviction relief proceedings." The state also did "not object to Mr. Debrow receiving a sentence of 30 years at hard labor without benefit[s]" for count two. Debrow maintained his claims of innocence. The trial court stated that it wanted additional time to review the matter and set the case for a later hearing.

On December 17, 2020, a second hearing on Debrow's motion to correct illegal sentence was held. Debrow made a statement to the trial court asking that the court consider his innocence claims, his family, his prospects outside of incarceration, and the efforts he has made during incarceration to improve himself. The state had admitted several exhibits related to Debrow's disciplinary records and complaints from before his trial and while incarcerated. The state said that Debrow's annual offender assessment listed him as a "moderate risk," and that his prison record showed that he still had a propensity to get into fights and had anger issues. The state rescinded its agreement to a downward departure from the minimum

4

sentence and asked that Debrow receive a sentence within the statutory range of 33-99 years.

On March 31, 2022, the trial court vacated Debrow's sentence on count one and resentenced Debrow as a third-felony habitual offender to 70 years at hard labor without benefits. The court ordered the sentence to run concurrently with his other sentence, and he was given credit for time served. The trial court stated that it considered La. C. Cr. P. art. 894.1 and found that Debrow needed correctional treatment and a lesser sentence would deprecate the seriousness of his crime. The trial court noted that a dangerous weapon was used in the commission of the offense. The trial court advised Debrow of his right to an appeal and of his post-conviction relief time delays.

On April 29, 2022, Debrow filed a motion to reconsider sentence and a motion to set a hearing pursuant to *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). In his motion to reconsider, Debrow argued that the trial court did not consider his culpability in the attempted armed robbery despite evidence of his innocence. He contended that the trial court did not contemplate as a mitigating factor the evidence presented showing his rehabilitation, so the trial court did not comply with La. C. Cr. P. art. 894.1 in sentencing him. Debrow argued his sentence was excessive and disproportionate to the seriousness of the crime. Debrow pointed out that the state initially agreed to a downward departure in sentencing him, but when he refused to give up his claim of innocence, the state rescinded the agreement. Debrow also argued that the trial court gave no weight to his family circumstances and entire incarceration record in sentencing him. Debrow made similar arguments in his motion for a *Dorthey* hearing. On August 10, 2022, the

5

trial court denied both motions. The trial court stated in its ruling, "This court has resentenced Mr. Almetric Debrow herein on March 31, 2022. An extensive amount of time was given for a *Dorthey* hearing to no avail."

Debrow filed a timely notice of intent to seek supervisory review of the trial court's August 10, 2022, ruling. On November 1, 2022, this court granted Debrow's writ and remanded the case to the trial court for perfection of an appeal.

## DISCUSSION

Appellant makes arguments similar to those he made prior to his sentencing. He complains that his sentence is excessive and the trial court erred in denying his motions to reconsider and for a *Dorthey* hearing. Appellant argues that he is innocent of the crimes and again claims that it was Kinsey who was the third perpetrator of the attempted armed robberies. He states that the trial court did not adequately consider his evidence of rehabilitation as a mitigating factor under La. C. Cr. P. art. 894.1 or his personal history or family ties. Debrow states that he has family that will support him upon his re-entry into society. Debrow argues that the state's initial willingness to agree to a downward departure from the minimum sentence for him shows that he should have had a *Dorthey* hearing. Debrow asks this court to vacate his sentence and remand his case to the trial court for resentencing under a more lenient standard.

The state contends that Debrow used "an inordinate amount of time arguing the issue of guilt and not about the facts surrounding the sentence." The state argues that the trial court adequately considered the factors from La. C. Cr. P. art. 894.1. The state maintains that Debrow's disciplinary record before and after his incarceration should be considered an

aggravating factor when it comes to his sentence. His prior criminal history and the pre-trial disciplinary complaints made against him while he was housed at the Caddo Correctional Center reflect his violent history. The state contends that none of Debrow's family appeared to testify at his sentencing hearing and no documentary evidence was introduced in support of sentencing him to a term below the mandatory minimum. The state argues that Debrow has not met his clear and convincing burden of proving that a *Dorthey* hearing is warranted. The state asks this court to affirm Debrow's sentence.

*Excessive Sentence*

We utilize a two-prong test in reviewing an alleged excessive sentence. First, we must ensure that the trial court took cognizance of and considered the criteria set forth in La. C. Cr. P. art. 894.1. Second, we must determine whether the sentence is constitutionally excessive. *State v. Lee*, 53,461 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1270, *writ denied*, 20-00582 (La. 10/14/20), 302 So. 3d 1113.

The trial court is not required to list every aggravating and mitigating circumstance as long as the record indicates that it adequately considered the guidelines. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Lee, supra*; *State v. Payne*, 52,310 (La. App. 2 Cir. 1/16/19), 262 So. 3d 498. Remand is unnecessary even when full compliance with La. C. Cr. P. art. 894.1 is not met, as long as the record clearly shows an adequate factual basis for the sentence. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Lee, supra*. The articulation of that factual basis is the goal of the article, not a rigid, mechanical compliance with it. *Id*.

7

The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Lee, supra*; *State v. Duncan*, 47,697 (La. App. 2 Cir. 1/16/13), 109 So. 3d 921, *writ denied*, 13-0324 (La. 9/13/13), 120 So. 3d 280. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case. Thus, it is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996).

The sentencing penalty for attempted armed robbery is not more than 49 ½ years at hard labor without benefits. La. R.S. 14:27 and 14:64. When a defendant is adjudicated a third-felony offender under the 2001 amendments to La. R.S. 15:529.1(A)(1)(b)(i), the term of imprisonment is not less than two-thirds of the longest possible sentence and not more than twice the longest possible sentence. Therefore, Debrow's sentencing range for count one was 33-99 years.

Here, Debrow was found guilty of two counts of attempted armed robbery. His convictions and sentences were affirmed on appeal. *State v. Debrow, supra*. His sentence for count two is not at issue in the instant appeal. He was resentenced as a third-felony offender, under La. R.S. 15:529.1(A)(1)(b)(i), for count one to 70 years at hard labor without benefits to run concurrently with his sentence for count two.

The trial court held several hearings on Debrow's resentencing and had ample opportunity to review what he and the state submitted for his resentencing. The trial court stated that it considered the factors from La. C.

Cr. P. art. 894.1 and found that he needed correctional treatment and a lesser sentence would deprecate the seriousness of his crime. The trial court also observed that Debrow used a dangerous weapon in commission of his offense. Debrow spent much of his time at his resentencing hearings arguing his innocence in his case, but those issues were considered in his applications for post-conviction relief and denied.

Debrow claims that the state was willing to give him a 30-year sentence, but rescinded the deal. However, it was Debrow's refusal to admit his guilt which caused the state to withdraw its agreement to a 30-year sentence. While it is admirable that Debrow has tried to improve himself during his term of incarceration through education and religious training, that does not detract from the fact that he and his conspirators attempted to rob two people using firearms, which ultimately led to the death of one of his co-conspirators. This assignment of error lacks merit.

*Dorthey Hearing*

Downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is exceptional, namely, that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the gravity of the offense, the culpability of the offender, and the circumstances of the case. *State v. Hawthorne*, 54,871 (La. App. 2 Cir. 1/11/23), 354 So. 3d 832; *State v. Burns*, 53,920 (La. App. 2 Cir. 6/30/21), 322 So. 3d 928, *writ denied,* 21-01112 (La. 11/23/21), 328 So. 3d 78; *State v. Chandler*, 41,063 (La. App. 2 Cir. 9/8/06), 939 So. 2d 574, *writ denied*, 06-2554 (La. 5/11/07), 955 So. 2d 1277, *citing State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672.

In *Johnson, supra*, the supreme court explained:

[I]t is apparent that the Legislature's determination of an appropriate minimum sentence should be afforded great deference by the judiciary. This does not mean, however, that the judiciary is without authority to pronounce a constitutional sentence if it determines that a mandatory minimum sentence is excessive in a particular case. Instead, we have held that courts have the power to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution, although it falls within the statutory limits provided by the Legislature. *State v. Sepulvado*, 367 So. 2d 762, 767 (La. 1979). In *Dorthey, supra*, this Court recognized that this power extends to the minimum sentences mandated by the Habitual Offender Law. *Id.* at 1280-81. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive.

....

A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. *Dorthey, supra* at 1281 (Marcus, J., concurring); [*State v. Young*, 94-1636 (La. App. 4 Cir. 10/26/95), 663 So. 2d 525, *writ denied*, 95-3010 (La. 3/22/96), 669 So. 2d 1223]. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.

La. C. Cr. P. art. 881.1(D) provides:

The trial court may deny a motion to reconsider sentence without a hearing, but may not grant a motion to reconsider without a contradictory hearing. If the court denies the motion without a hearing, the party who made or filed the motion may proffer the evidence it would have offered in support of the motion.

Thus, a trial court is not required to conduct a hearing when it denies the defendant's motion to reconsider sentence. *State v. Hawthorne, supra*.

We find that Debrow essentially participated in a *Dorthey* hearing at his resentencing hearings. At his resentencing hearings, Debrow specifically requested a downward departure from the mandatory minimum when he sought a plea deal with the state to be resentenced to 30 years, in accordance with *Dorthey, supra*. Upon hearing the request and arguments in support of

10

his position, the trial court still found that Debrow failed to show any basis to support a finding that the mandatory minimum sentence was unconstitutionally excessive when it resentenced him to 70 years. Debrow did not provide clear and convincing evidence that he is an exceptional defendant. Again, Debrow threatened two store employees with a firearm and one of his co-conspirators died due to his actions. He is not a victim of the legislature's failure to assign sentences that are meaningfully tailored to the gravity of the offense or the culpability of the offender, such that a downward departure is warranted. This assignment of error is without merit.

## CONCLUSION

We have reviewed the record for errors patent and none were found. Almetric Debrow's sentence is affirmed.

**AFFIRMED.**